IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ABRAN GARZA, and, RUTH NOHEMY RIVAS DE MERCADO, individually and on behalf of similarly situated individuals, § § § § § | | |
| Plaintiffs, § | Cause No. 4:22-cv-1636 | |
| v. § | | |
| MERCADITO LA MEXICANA, LLC, BRENDA RUIZ, and CARLOS RUIZ, § § § | | |
| Defendants. § | A Jury is Demanded | |

**PLAINTIFFS' ORIGINAL COMPLAINT AND REQUEST
TO PROVIDE NOTICE TO SIMILARLY SITUATED EMPLOYEES**

Mercadito La Mexicana, LLC, Brenda Ruiz, and Carlos Ruiz, have implemented a business plan that involves misclassifying their employees as exempt and paying cash for wages. This method of business allows Defendants the opportunity, which they gladly take, to avoid paying employer portions of Medicare and Social Security taxes and overtime in violation of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 *et seq*. This business model violates the law and provides these Defendants an unfair competitive in the market. Defendants undercut their competitors because they are not following the rules and laws of the United States of America and illegally profit from their violation of the law. This action is

1

brought on behalf of two individuals and similarly situated individuals employed by Defendants who Defendants subject to the same illegal pay practice.

## Facts Supporting Relief

## Facts Related to Plaintiff Garza's Claims

1. Plaintiff Abran Garza was employed by Mercadito La Mexicana LLC ("Mercadito"), Brenda Ruiz, and Carlos Ruiz from May of 2015 through February 28, 2022.

2. The Defendants own and operate various businesses near the Mercadito grocery store and eatery, including but not limited to a gym and a laundromat in the same shopping complex.

3. Mr. Garza was a butcher, cashier, and all around janitor for Defendants and worked in a number of their businesses, including but not limited to the grocery store, gym and laundromat.

4. Each day he worked, Mr. Garza cleaned the gym before and after it first opened and would unclog the drains in the laundromat.

5. Mr. Garza undertook additional tasks as assigned at the direction of Brenda Ruiz and Carlos Ruiz.

6. Defendants do not keep time records, but simply scheduled the employees to various shifts over the course of a week. This schedule was posted on the wall of the workplace.

7. Mr. Garza was scheduled to work 51 hours per week but frequently worked more hours in a week, sometimes exceeding 58 hours.

8. Defendants misclassified Mr. Garza as exempt from overtime laws because they paid him in a salary.

9. Defendants paid Mr. Garza on a salary basis at the rate of $700.00 per week.

10. Defendants initially paid Mr. Garza in cash for the first two years of his employment, but later began paying Mr. Garza by check.

11. If Mr. Garza was late or missed a day, Defendants docked his pay for that time.

12. Mr. Garza was not an exempt employee of Defendants. Mr. Garza did not have any duties which would have rendered him exempt. Mr. Garza was not involved in the administrative duties of the business, did not exercise judgment regarding the business operations, and did not have the ability to hire and/or fire any other employees.

13. Defendants exercised complete and total control over Mr. Garza's work schedule, performance, job duties, assignments, uniform, and the manner and method in which Mr. Garza would carry out his duties.

14. Mr. Garza's position did not require any specialized skills, training, or experience.

15. Both Brenda Ruiz and Carlos Ruiz were involved in the day-to-day supervision of Mr. Garza, set his salary rate, assigned job duties, and managed the manner and method in which Mr. Garza would carry out his duties.

**Facts Regarding Ruth Nohemy Rivas De Mercado**

16. Ruth Nohemy Rivas De Mercado ("Ms. Mercado") worked from October 2020 through October 2021 as a helper in the kitchen. Ms. Mercado also cleaned the facility and kitchen, performed the duties of a cashier, and made tortillas.

17. Ms. Mercado also carried out additional duties as assigned by Brenda Ruiz or Carlos Ruiz.

18. Defendants do not keep time records, but simply scheduled the employees to various shifts over the course of a week. This schedule was posted on the wall of the workplace.

19. Ms. Mercado worked more than 40 hours per week. Per the schedule, Ms. Mercado was scheduled to work 54 hours per week. Ms. Mercado worked that many hours every week and sometimes more.

20. Defendants misclassified Ms. Mercado as exempt from overtime and paid Ms. Mercado on a salary basis of $400.00 per week.

21. Defendants paid pay stubs reflect $320 per week in wages. Defendants, however, made up the difference between $320 and $400 in cash.

22. If Ms. Mercado was late or missed a day, Defendants docked her pay for that time.

23. Ms. Mercado was not an exempt employee of Defendants.

24. Ms. Mercado was not involved in any duties that would exempt her from overtime pay. Ms. Mercado was not involved in any administrative duties, did not exercise any judgment with respect to business operations and did not have the ability to hire and/or fire employees.

25. Defendants exercised complete and total control over Ms. Mercado's work schedule, performance, job duties, assignments, uniform, and the manner and method in which Ms. Mercado would carry out her duties.

26. Both Brenda Ruiz and Carlos Ruiz were involved in the day-to-day supervision of Ms. Mercado, set her salary or hourly rate, assigned job duties, and managed the manner and method in which Ms. Mercado would carry out her duties.

**Allegations Regarding Similarly Situated Employees**

27. Defendants misclassified Mr. Garza, Ms. Mercado, and all individuals similarly situated as salaried employees and refused to pay any overtime. Defendants subjected each similarly situated individual to the same illegal pay practice. Defendants illegally paid a set amount per week as a salary using a combination of checks and cash.

28. The Defendants split up the similarly situated employees into different areas such as kitchen, butcher shop, laundromat, and other areas, but the duties were similar and each person was scheduled to work more than 40 hours per week.

29. Defendants paid the similarly situated salaried workers in the same fashion as Mr. Garza and Ms. Mercado by paying them a set salary even though they were not exempt employees.

30. Defendants misclassified its employees as exempt and paid them a salary.

31. Defendants subjected each similarly situated workers to the same illegal pay system. If an individual worker was late or missed a day of work, that worker was not paid for that day.

32. Mr. Garza, Ms. Mercado and similarly situated salaried workers were and are non-exempt employees of the Defendants.

33. Brenda Ruiz and Carlos Ruiz exercised day-to-day supervision of Mr. Garza, Ms. Mercado, and the similarly situated salaried workers.

34. Mr. Garza and Ms. Mercado request that notice be prepared, with the Court's permission, and sent to each individual similarly situated who was a salaried employee who worked and was scheduled for over 40 hours per week and was not paid overtime.

**Allegations Regarding FLSA Coverage**

35. During each of the three years prior to this complaint being filed, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail, electronic applications used to pay employees, and the Internet.

36. During each of the three years prior to this complaint being filed, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).

37. At all times pertinent to this Complaint, Mr. Garza, Ms. Mercado, and similarly situated individuals were individually engaged in commerce and their work was essential to Defendants' business.

38. During each of the three years prior to this complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

## Allegations Regarding Willfulness

39. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Mr. Garza, Ms. Mercado, and the other individuals similarly situated regular and overtime work.

40. Mr. Garza, Ms. Mercado, and individuals similarly situated were not "exempt" employees.

41. Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

8

42. Defendants' actions were willful and in blatant disregard for the federally protected rights of Mr. Garza, Ms. Mercado, and similarly situated individuals.

43. As non-exempt employees, Mr. Garza, Ms. Mercado, and similarly situated individuals were entitled to be paid their regular wages and to be paid an overtime premium for all work performed during the hours worked over forty (40) hours in each workweek. Defendants failed to pay Mr. Garza, Ms. Mercado, or the similarly situated individuals the required overtime premium in nearly every workweek that they or the similarly situated individuals were employed by Defendants. Mr. Garza, Ms. Mercado, and similarly situated individuals worked in excess of 40 hours in a number of weeks while employed by the Defendants. Mr. Garza, Ms. Mercado, Ms. Garza, and similarly situated individuals were misclassified as exempt and paid on a salary basis in order to avoid paying overtime.

44. No exemption excuses the Defendants from paying Mr. Garza, Ms. Mercado, and similarly situated individuals for all time spent and work performed during the hours they worked, and the Defendants have not made a good faith effort to comply with the FLSA. As such, the Defendants

knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Mr. Morales and similarly situated individuals. Such practice was and is a clear violation of the FLSA.

45. Defendants are aware that their employment practices violate the law but have taken no steps to correct these issues.

**Parties**

46. Plaintiff Abran Garza, a former employee of Defendants, was personally engaged in interstate commerce during his employment with the Defendants, and is represented by the undersigned.

47. Plaintiff Ruth Nohemy Rivas De Mercado, a former employee of Defendants, was personally engaged in interstate commerce during her employment with the Defendants, and is represented by the undersigned.

48. Defendant Mercadito La Mexicana, LLC, ("Mercadito") is a Texas limited liability company and an "employer" as defined by the FLSA. With respect to Plaintiffs, Mercadito is subject to the provisions of the FLSA. Mercadito was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. Mercadito may

be served with citation and process upon its registered agent for service, MPR Accounting LLC, 11214 Betly St., Houston, Texas 77093 or wherever it may be found.

49. Defendant Brenda Ruiz is an individual who was an "employer" as that term is defined by the FLSA. With respect to Plaintiffs, Ms. Ruiz is subject to the provisions of the FLSA. Ms. Ruiz acted on behalf of Mercadito in setting the terms of wages and hours throughout the company and running it on a day to day basis. Ms. Ruiz worked as part of the enterprise engaged in interstate commerce as defined by 29 U.S.C. §§ 203(r) and (s). Defendant Brenda Ruiz may be served at her address 19627 Riverwalk Dr., Porter Texas 77365.

50. Defendant Carlos Ruiz is an individual who was an "employer" as that term is defined by the FLSA. With respect to Plaintiffs, Mr. Ruiz is subject to the provisions of the FLSA. Mr. Ruiz acted on behalf of Mercadito in setting the terms of wages and hours throughout the company and running it on a day to day basis. Mr. Ruiz worked as part of the enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s). Defendant Carlos Ruiz may be served at her address 19627 Riverwalk Dr., Porter Texas 77365.

## Jurisdiction and Venue

51. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Mr. Garza, Ms. Mercado, and similarly situated individuals transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## CAUSE OF ACTION

### Abran Garza

### Violation of the FLSA – Failure to Pay Wages Owed

52. Mr. Garza incorporates by reference all factual allegations into this cause of action.

53. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Mr. Garza and similarly situated individuals for work performed in the employ of the Defendants.

54. Mr. Garza and similarly situated individuals have suffered damages as a direct result of Defendants' illegal actions.

55. Defendants are liable to Mr. Garza and similarly situated individuals for unpaid overtime compensation, liquidated damages,

attorney's fees and costs of Court under the FLSA, for which Mr. Garza now sues and requests notice be sent to similarly situated individuals.

## **Ruth Nohemy Rivas De Mercado**

## **Violation of the FLSA – Failure to Pay Wages Owed**

56. Ms. Mercado incorporates by reference all factual allegations into this cause of action.

57. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Ms. Mercado and similarly situated individuals for work performed in the employ of the Defendants.

58. Ms. Mercado and similarly situated individuals have suffered damages as a direct result of Defendants' illegal actions.

59. Defendants are liable to Ms. Mercado and similarly situated individuals for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for which Ms. Mercado now sues and requests notice be sent to similarly situated individuals.

## **Demand for Jury**

60. Mr. Garza and Ms. Mercado demand a trial by jury.

# Prayer for Relief

WHEREFORE, Mr. Garza and Ms. Mercado pray that the Defendants be cited to appear and answer and that individuals similarly situated to Mr. Garza and Ms. Mercado be given notice as approved by the Court of their right to opt into and become part of this lawsuit, and upon final judgment be awarded:

1. Judgment against Defendants for an amount equal to unpaid overtime wages at the applicable rate for Mr. Garza an Ms. Mercado and any similarly situated individuals who opt-in pursuant to law;
2. An equal amount to the overtime wage damages as liquidated damages;
3. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
4. All costs and attorney's fees incurred prosecuting these claims; and
5. For such further relief as the Court deems just and equitable.

Respectfully Submitted,
**THE BUENKER LAW FIRM**
*/s/ Thomas H. Padgett, Jr.*
Thomas H. Padgett, Jr.
TBA No. 15405420
S.D.Tex. No.: 11554
tpadgett@buenkerlaw.com
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEYS FOR PLAINTIFFS**